IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LILLIAN M. MADISON,

   Plaintiff,

vs.                No. 3:08-CV-0479-BK

JOHN E. POTTER, Postmaster General,
U.S. Postal Service,

   Defendant.

## MEMORANDUM OPINION AND ORDER

Pursuant to the parties' written consent, this case is before the Court on Defendant's *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* and supporting brief, to which Plaintiff has not responded. (Docs. 61, 62). Based on the pleadings, evidence, and applicable law, the Court finds that Defendant's motion is well taken and will be **GRANTED.**

### I. BACKGROUND

In May 2009, Plaintiff filed a *pro se* second amended complaint against her employer, John E. Potter, the Postmaster General for the U.S. Postal Service, alleging violations of (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), and (2) 42 U.S.C. § 1981(a).[1] (Doc. 33 at 2-3). Liberally construing her complaint, Plaintiff alleged that despite her disabling, work-related bilateral carpal tunnel syndrome, (1) she was denied a request for light duty work

---

[1] Although Plaintiff stated that her complaint was brought pursuant to the ADA, the Rehabilitation Act of 1973 provides the exclusive remedy for claims of disability discrimination in federal government employment. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). Accordingly, the Court liberally construes Plaintiff's claims as being brought under the Rehabilitation Act, 29 U.S.C. § 794(a).

until her disability claim could be processed by the Department of Labor's Office of Worker's Compensation Program ("OWCP"), and (2) her worker's compensation claim was not timely processed for discriminatory reasons based on her disability. (*Id.* at 4-5); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings).

Defendant now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment. (Doc. 61). In its statement of undisputed facts and supporting evidentiary materials, the government indicates that in August 2005, Plaintiff sustained an on-the-job injury, namely carpal tunnel syndrome. (Doc. 61 at 2; Doc. 63 (Appendix) at 5-6, 139). As a result of this injury, Plaintiff filed a Federal Employee's Compensation Act ("FECA") claim in July 2006 with the OWCP for worker's compensation. (Doc. 61 at 2-3; Doc. 63 at 7-8, 144). Because Plaintiff continuously failed to follow the proper procedures for filing a claim, OWCP did not accept and process her claim until February 2007. (Doc. 61 at 3-5; Doc. 63 at 25-36).

Plaintiff maintained during her deposition that her supervisor must have intentionally delayed the processing of her worker's compensation claim because the supervisor told Plaintiff that she did not believe Plaintiff was disabled. (Doc. 63 at 284-90). In February 2007, OWCP accepted Plaintiff's worker's compensation claim. (Doc. 61 at 5; Doc. 63 at 37-41, 143). Plaintiff ultimately was paid worker's compensation benefits and her medical bills were paid as well. (Doc. 63 at 34-41, 96-102). Meanwhile, Plaintiff worked and received her postal salary from July 2006 until February 2007. (Doc. 61 at 5; Doc. 63 at 92-95).

In March 2007, Plaintiff filed a complaint with the Postal Service's Equal Employment Opportunity Office, claiming disability discrimination only on the basis that her worker's

compensation claim was not timely processed. (Doc. 61 at 5-6; Doc. 63 at 103-12). An administrative law judge dismissed this claim, ruling that the OWCP had exclusive jurisdiction over any claim that it had delayed processing Plaintiff's request for worker's compensation. (Doc. 61 at 6-7; Doc. 63 at 116-20).

In its supporting brief, Defendant first argues that Plaintiff's section 1981 claim is not viable because Plaintiff's boss and comparators are the same race as Plaintiff. (Doc. 62 at 13 n.2, 4). Next, Defendant argues that Plaintiff's allegation that her disability claim was not timely processed should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because the OWCP has exclusive jurisdiction over worker's compensation claim processing. (*Id.* at 13-16). Moreover, Defendant contends that dismissal also is proper under Rule 12(b)(6) because it is undisputed that the delay was caused by Plaintiff's failure to correctly file the claim paperwork. (*Id.* at 15-16).

With respect to Plaintiff's argument that she was discriminatorily denied light duty work until her disability claim was processed, Defendant contends that this claim should be dismissed on summary judgment because Plaintiff failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") as to that claim. (*Id.* at 17-18). Finally, Defendant maintains that it is entitled to summary judgment on both of Plaintiff's claims because she cannot establish a *prima facie* Rehabilitation Act case, and the government has legitimate, nondiscriminatory reasons for the delay in processing her OWCP claim. (*Id.* at 18-23). Plaintiff did not file a response to Defendant's motion, despite being warned by the undersigned after the initial deadline had passed that her failure to do so could result in the dismissal of her case without further notice. (Doc. 65).

## II. APPLICABLE LAW AND ANALYSIS

A.  **Motion to Dismiss Section 1981 Claim**

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. In short, dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). With respect to Plaintiff's claim brought pursuant to section 1981, that section provides a cause of action to remedy racial discrimination by private employers in private employment contracts. *Oden v. Oktibbeha County*, *Miss.*, 246 F.3d 458, 462 (5th Cir. 2001). Because Plaintiff alleged only a claim of disability discrimination and has sued only a federal entity, the claim fails as a matter of law and is dismissed pursuant to Rule 12(b)(6). *Id.*

B.  **Dismissal for Lack of Subject Matter Jurisdiction Due to FECA Preemption**

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) challenges a federal court's subject mater jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, without jurisdiction conferred by statute, they lack the power to adjudicate claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). FECA is a comprehensive scheme specifically designed to provide the exclusive and preemptive remedy for all work-related

injuries for federal employees. *See Avasthi v. United States*, 608 F.2d 1059, 1060 (5th Cir. 1979). Under FECA, the Labor Secretary's decision granting or denying worker's compensation payments is final as to all questions of law and fact and is not subject to review in federal court. 5 U.S.C. § 8128(b). Thus, no jurisdiction lies to review claims for injury compensation under FECA.[2] *Lindahl v. Office of Personnel Mgm't*, 470 U.S. 768, 780 & n.13 (1985).

Whether Plaintiff's delay-processing claim is FECA-barred is subject to some dispute given the factual circumstances surrounding her case and the nature of her Rehabilitation Act claim. A number of courts have held that FECA bars any separate discrimination claim a plaintiff raises if the discrimination claim is based on the same injury as the worker's compensation claim. *See Meester v. Runyon*, 149 F.3d 855, 857 (8th Cir. 1998) (holding that a frustrated FECA claimant cannot secure judicial review of a FECA compensation decision by claiming that the Rehabilitation Act entitles her to accommodation in performing a different job when the discrimination claim is predicated on the same injury that gave rise to the FECA decision); *Almaguer v. White*, 2002 WL 31396123 at *2, *4-6 & n.48-49 (W.D. Tex. 2002) (collecting cases and dismissing claim for lack of jurisdiction based on FECA where plaintiff had claimed that the OWCP's decision to temporarily discontinue her FECA benefits was made as the result of a conspiracy with the employer who discriminated against her)*; Stubler v. Runyon*, 892 F.Supp. 228, 229-30 (W.D. Mo. 1994) (prohibiting discrimination claims based on the same work-related injury for which FECA benefits were awarded); *Black v. Frank*, 730 F.Supp. 1087, 1090-91 (S.D. Ala. 1990) (holding that FECA barred a separate claim under the Rehabilitation

---

[2]While some circuits have ruled that a federal court nevertheless may review constitutional claims and violations of a clear statutory mandate, Plaintiff raised neither exception here. *See Bell v. United States Sec'y of Labor*, 1996 WL 125938 at *2 (E.D. La. 1996) (summarizing cases).

Act where the plaintiff received federal worker's compensation but then filed suit under the Act to secure a light duty position after his employer fired him because he could perform no work due to his on-the-job injury).

Nevertheless, there is significant caselaw to the contrary. *See Nichols v. Frank*, 42 F.3d 503, 515-16 (9th Cir. 1994), *abrogated on other grounds as recognized in Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th Cir. 1999) (holding that the plaintiff was entitled to both FECA benefits and Title VII recovery where she suffered an on-the-job injury of post-traumatic stress order after being sexually discriminated against by her supervisor); *Miller v. Bolger*, 802 F.2d 660, 663-64 (3d Cir. 1986) (holding that a federal employee could recover under FECA for on-the-job injuries as well as under Title VII when the injuries were caused by his co-workers' physical abuse based on discriminatory motives); *Latham v. Brownlee*, 2005 WL 578149 at *6 (W.D. Tex. 2005) (holding that where a plaintiff suffered a work-related injury and was seeking damages which flowed from her employer's failure to provide a reasonable accommodation for her disability, recovery under Title VII for the injuries she suffered as a proximate result of the defendant's discriminatory acts was not barred by FECA).

The difference between these two lines of cases is that, in the first, the plaintiff's injury was not *caused by* any intentional discriminatory act of the employer, while in the second line of cases, the plaintiff's injury was the result of a discriminatory action. In the case at bar, Plaintiff's situation is more akin to the first line of cases. Specifically, Plaintiff's discriminatory processing-delay claim is based on the OWCP's processing of her workers' compensation claim for an already-existing on-the-job injury. She does not allege that the OWCP's delayed processing of her claim further physically injured her. Rather, the OWCP's processing of her

6

claim directly relates to its decision to award her benefits. Because this decision is reserved to the Secretary of Labor and not subject to judicial review, the Court lacks subject matter jurisdiction over this claim.³ *Lindahl*, 470 U.S. at 780 & n.13. Accordingly, Plaintiff's claim for discriminatory delay in the processing of her worker's compensation claim is dismissed pursuant to Rule 12(b)(1).

## C. Summary Judgment on Plaintiff's Light Duty Claim

With respect to Plaintiff's disability discrimination claim based on the denial of light duty work during the processing of her worker's compensation claim, Defendant moves for summary judgment. (Doc. 62 at 17-23). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.*

---

³ Even if the FECA subject-matter jurisdiction bar did not apply, Plaintiff's Rehabilitation Act claims fail for the reasons set forth in the next section of this opinion.

(citation omitted). Unsubstantiated beliefs are not competent summary judgment evidence. *de la O v. Housing Authority of City of El Paso*, 417 F.3d 495, 502 (5th Cir. 2005). Further, the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quotation omitted).

Claims brought pursuant to the Rehabilitation Act are subject to Title VII's administrative exhaustion requirements. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). No federal action alleging employment discrimination may be brought unless the alleged discrimination has been made the subject of a timely EEOC charge. *See generally* 42 U.S.C. § 2000e-5. EEOC regulations provide that a charge should contain, among other things, "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which reasonably could have been expected to stem from the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

In the instant case, Defendant contends that Plaintiff failed to exhaust her available administrative remedies because she did not specifically complain to the EEOC that she was denied light duty work during the delay in processing her disability claim. (Doc. 62 at 17-18). A review of the evidence reveals that this is accurate. The sole claim Plaintiff reported to the EEOC was about the delay in processing her workers' compensation claim, and there was no mention of her request for light duty work being denied in the interim. (Doc. 63 at 106). Nevertheless, Plaintiff's light duty claim reasonably might have stemmed from the delay claim

because she was denied light duty work during the delay. *Sanchez*, 431 F.2d at 466. Accordingly, Defendant is not entitled to summary judgment on this basis.

Defendant, however, has made a sufficient showing to win summary judgment on its alternative argument that Plaintiff cannot establish a *prima facie* case under the Rehabilitation Act. *Celotex*, 477 U.S. at 323. A *prima facie* showing under that Act requires Plaintiff to demonstrate that (1) she is an individual with a disability; (2) who is otherwise qualified for the position sought; (3) who worked for a program or activity receiving Federal financial assistance; and (4) she suffered an adverse action; (5) that was motivated by her disability. *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Assuming solely for the sake of argument that Plaintiff can demonstrate that the remaining prongs of the *prima facie* case, she cannot demonstrate that Defendant took any "adverse action" against her.

"Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002), *abrogated on other grounds by Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) (retaliation context). Actions such as giving an employee unequal break times and placing an employee on administrative or sick leave are not "adverse actions." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 486 (5th Cir. 2008) (break requests); *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (placing employee on leave). If those acts are not actionable then, logically, the similar action of Defendant refusing to place Plaintiff on light duty restrictions is not an ultimate employment decision either.[4]

---

[4] Further, Plaintiff merely speculated that Defendant's actions were motivated by her disability, which is not sufficient to overcome summary judgment in any event. *de la O*, 417 F.3d at 502.

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact. *Matsushita*, 475 U.S. at 587. Because Plaintiff did not respond to the Defendant's motion for summary judgment, she is relegated to her unsworn pleadings, which cannot be used to defeat summary judgment. *See Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Consequently, Defendant is entitled to the entry of summary judgment with respect to Plaintiff's claim that she was improperly denied light duty work.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment*.

**SO ORDERED** on January 10, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE